UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUNSHINE PRZYBYLOWICZ,
individually,

    Plaintiff,

CASE NO.:

JURY DEMAND

v.

DONGAH AMERICA INC., a
domestic profit corporation, and
SANGHUN KIM,
individually,

    Defendants.

---

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, **SUNSHINE PRZYBYLOWICZ** ("Przybylowicz"), brings this Complaint for damages and demand for jury trial against **DONGAH AMERICA INC.** ("DongAh") and **SANGHUN KIM** ("Kim") (collectively "Defendants"), and states as follows:

**JURISDICTION AND VENUE**

1. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 as this is an action arising under the Fair Labor Standards Act, as amended (29 U.S.C. §201, *et seq.*, hereinafter called the "FLSA") to recover unpaid back wages, an

additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorneys' fees and costs.

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C § 216(b).

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claims occurred within the Southern Division of the Eastern District of Michigan.

## **PARTIES**

4. At all times material hereto, Plaintiff was a resident within the jurisdiction of the Eastern District of Michigan.

5. At all times material hereto, Defendant DongAh was, and continues to be a Domestic Profit Corporation engaged in business in Michigan.

6. Defendant Kim was, and continues to be, an employer as within the meaning of the FLSA in that he acted directly or indirectly, in the interest of DongAh towards Plaintiff.

7. Upon information and belief, at all times material hereto, Defendant Kim was an individual resident of the state of Michigan and was the President of DongAh.

8. At all times material hereto, Defendant Kim regularly exercised the authority to: (a) hire and fire employees of DongAh; (b) control the finances and

operations of DongAh; (c) control significant aspects of the corporation's day-to-day operations, including the authority to set wages; (d) actively participate in the overall supervision of DongAh; and (e) was ultimately in a position of authority over the business decisions that led to the FLSA violations.

9. At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of FLSA.

10. Plaintiff's consent to file this action pursuant to 29 U.S.C. 216(b) is attached as **Exhibit A** to this Complaint.

11. At all times material hereto, Defendants were the "employer" within the meaning of FLSA.

12. At all times material hereto, Defendants were, and continue to be, the "employers" within the meaning of FLSA.

13. At all times material hereto, Defendants were, and continue to be, an "enterprise engaged in commerce" within the meaning of FLSA.

14. At all times material hereto, Defendants were, and continue to be, an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA. Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant time periods.

15. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

16. At all times material hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA.

17. At all times material hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA.

18. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

19. Defendant DongAh is an automotive company that manufactures and sells automotive parts to other automotive industries.

20. Plaintiff worked for Defendants as a non-exempt employee in the position of Logistics Staff from approximately May 2018 to May 2019.

21. Plaintiff was compensated on a salary basis for $54,000 per year.

22. According to Defendant's pay records, Plaintiff's salary is intended to cover 173.33 hours/month, or 39.9999 hours/week. Thus, Defendant's salary was intended to cover a 40 hour workweek.

23. Plaintiff's primary duties included performing traditionally non-exempt duties, which included customer service, processing customer orders, and informing Defendants of the customer orders.

24. Plaintiff served in a clerical position of receiving customers' orders and forwarding the order information to Defendants' Poland, Korea and China headquarters.

25. Plaintiff was also responsible for preparing shipping notices and sending the orders to customers.

26. Plaintiff was required and did follow Defendants and the customers' guidelines and procedures pertaining to processing and shipping customers' orders.

27. Plaintiff did not have the ability or authority to deviate from Defendants and the customers' guidelines and procedures.

28. Plaintiff did not ever order items from third-party vendors.

29. Plaintiff was not aware of the cost of the orders because the cost was not included on Defendant's customer order forms.

30. Plaintiff worked in excess of forty (40) hours in various weeks throughout the duration of her employment with Defendants.

31. Plaintiff was not properly compensated for all of her overtime hours worked during the relevant time period.

32. Instead, Defendants systematically paid Plaintiff for substantially

fewer hours than she actually worked.

33. Plaintiff did not manage two or more full-time employees of Defendants or their equivalent.

34. Plaintiff did not have the authority or ability to hire or fire employees of Defendants.

35. Plaintiff did not have the authority or ability to exercise discretion and independent judgment with respect to matters of significance.

36. Upon this misclassification, Defendants reported Plaintiff's income on a salary basis and did not account or compensate Plaintiff for the hours worked in excess of forty (40).

37. At various material times throughout Plaintiff's employment, Defendants failed to pay Plaintiff at a rate of one and one-half times Plaintiff's regular rate of pay for all hours worked in excess of forty (40) in a given workweek.

38. Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of forty (40) hours per week as statutorily required by the FLSA.

39. Defendants have violated Title 29 U.S.C. §207 in that:

    a. Plaintiff worked in excess of forty (40) hours per week for her period of employment with Defendants;

  b. No payments, and/or provisions for payment, have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per workweek while Plaintiff worked for Defendants and as provided by the FLSA; and

  c. Defendants failed to maintain proper time records as mandated by the FLSA.

40. Plaintiff retained the law firm of MORGAN & MORGAN, P.A., to represent her in the litigation.

## COUNT I
## <u>VIOLATION OF 29 U.S.C. § 207 OVERTIME COMPENSATION</u>

41. Plaintiff realleges and reincorporates paragraphs 1 through 41 of the Complaint as if fully set forth herein.

42. Plaintiff worked in excess of forty (40) hours per week.

43. Plaintiff was not properly compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

44. Plaintiff was entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

45. At all times material hereto, Defendants failed, and continue to fail, to maintain proper time records as mandated by the FLSA.

46. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per weeks when they had knowledge, or should have known, such was, and is due to Plaintiff.

47. Defendants failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

48. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

49. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

50. At all times material hereto, Defendants failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§ 516.2 and 516.4, by virtue of the management policy, plan or decision that intentionally provided for

the compensation of such employees at a rate less than time and one half for their overtime hours.

    51.    Plaintiff demands a trial by jury.

## COUNT II
## DECLARATORY RELIEF

52. Plaintiff realleges and reincorporates paragraphs 1 through 41 of the Complaint as if fully set forth herein.

53. Plaintiff and Defendants have an FLSA dispute pending, which the Court has jurisdiction to hear pursuant to 28 U.S.C. § 1331, as a federal question exists.

54. The Court also has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act. 28 U.S.C. §§ 2201-2202.

55. Plaintiff may obtain declaratory relief.

56. Defendants employed Plaintiff.

57. Defendant DongAh is an enterprise.

58. Plaintiff was individually covered by the FLSA.

59. Plaintiff is entitled to overtime compensation pursuant to 29 U.S.C. § 207(a)(1).

60. Defendants did not keep accurate time records pursuant to 29 U.S.C. § 211(c) and 29 C.F.R. Part 516.

61. Defendants did not rely on a good faith defense in its failure to abide by the provisions of the FLSA.

62. Plaintiff is entitled to an equal amount of liquidated damages.

63. It is in the public interest to have these declarations of rights recorded.

64. Plaintiff's declaratory judgment action serves the useful purpose of clarifying and settling the legal relations at issue.

65. The declaratory judgment action terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully requests that this Court grant the following relief:

    a. Awarding Plaintiff overtime compensation in the amount due to her for Plaintiff's hours worked in excess of forty (40) hours per work week while employed by Defendants;

    b. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

    c. Awarding Plaintiff pre-judgment and/or post-judgment interest;

    d. Declaring, pursuant to 29 U.S.C. §§ 2201 and 2202, that the acts and practices complained of herein are in violation of the overtime wage provisions; Defendants failed to keep accurate time records, Defendants have a legal duty to pay Plaintiff overtime wage pursuant to the FLSA, Defendants failed to

11

    prove a good faith defense, and Plaintiff is entitled to overtime wages, liquidated damages, and reasonable attorneys' fees pursuant to the FLSA;

e.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

f.  Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable as a matter of right by jury.

    Respectfully submitted,

    By: *s/ Michael N. Hanna*
      Michael N. Hanna (P81462)
      Haba K. Yono (P81114)
      MORGAN & MORGAN, P.A.
      2000 Town Center, Suite 1900
      Southfield MI 48075
      (313) 739-1950
      Email: mhanna@forthepeople.com
          hyono@forthepeople.com

    *Attorneys for Plaintiff*

Dated: April 1, 2020